United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-51368
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO GONZALEZ-CAMPOS, also known as Robert Manuel Cordova,
also known as Armando Arturo Gonzalez-Robles,

Defendant-Appellant.

———————————————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
(3:06-CR-1054-ALL)

———————————————————————————————————————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Armando Gonzalez-Campo appeals the 51-month term of imprisonment imposed after his guilty plea to illegal reentry into the United States after being deported. Gonzalez contends that the district court imposed an unreasonable sentence within the advisory guidelines range without properly considering the 18 U.S.C. § 3553 sentencing factors, particularly in the light of his prior crime of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violence conviction being 12 years old.  For the first time on appeal he also argues that the crime of illegal reentry is not serious.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed only for unreasonableness; nevertheless, a district court has a duty to consider the § 3553(a) factors as well as a duty to correctly determine the applicable Guidelines range.  *E.g., United States v. Mares*, 402 F.3d 511, 518-19, *cert. denied*, 126 S. Ct. 43 (2005).  If, in the exercise of discretion, the district court imposes a sentence within a properly calculated Guidelines range, this court will infer that the district court considered all of the factors for a fair sentence set forth in the Guidelines. *Id.* at 519.  Given the deference due the district court's discretion under the *Booker* regime, "it will be rare for a reviewing court to say such a sentence is 'unreasonable'".  *Id.*

The record reflects that the district court expressly considered the § 3553 sentencing factors.  Gonzalez has not shown that the sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing.  *E.g., id*.

*AFFIRMED*